UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

KATRINA MOORE,

       Plaintiff,

v.                                        Civil Action No. 2:13-cv-14393

C.O. WILLIAM WILSON, individually and in
his official capacity as a correctional
officer of The West Virginia Regional Jail
and Correctional Facility Authority, and
CHIEF CORRECTIONAL OFFICER LT. LARRY BUNTING,
individually and in his official capacity, and
THE WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY
an agency of the State of West Virginia, and
JOHN DOE, unknown person or persons,

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


Pending are a motion to dismiss filed November 6, 2013, by the West Virginia Regional Jail and Correctional Facility Authority and the motion by defendant William Wilson to join in the motion to dismiss, filed November 13, 2013.


I.


On March 8, 2013, plaintiff Katrina Moore instituted this action.  She alleges that she was sexually harassed,

abused, and exploited by defendant William Wilson while she was in custody at the Southern Regional Jail ("jail").  Mr. Wilson was formerly employed as a correctional officer at the jail. The defendant West Virginia Regional Jail and Correctional Facility Authority ("the Authority") is the governmental body which has operated the jail since its inception.  Ms. Moore alleges that, since the jail commenced operations, there has been a continuing practice and pattern of sexual harassment, abuse, and assault visited upon women inmates at the hands of correctional staff.

The complaint alleges many claims, including causes of action pursuant to the Fourth, Eighth, Ninth, and Fourteenth Amendments, various provisions of the West Virginia Constitution, and common law claims for assault and battery, intentional infliction of emotional distress, negligent hiring, negligent retention, negligent supervision, and others.

The Authority moves to dismiss.  It asserts that Ms. Moore's claims for a period of time are barred by the applicable limitation period.  It appears to believe that a two-year limitations bar applies.  Discovery has revealed that Ms. Moore was incarcerated at the jail for two separate time periods.  The first period included the time frame of September through October 2009.  The second period began sometime after November

2011.  Ms. Moore was victimized during both the September through October 2009 time frame and the 2011 time frame.  The Authority asserts the acts complained of in the first period are not actionable as falling outside the limitations time frame.

In response, Ms. Moore relies upon the continuing tort theory.  She also asserts that the limitation period should be tolled "under the doctrine of equitable modification and under the doctrine of obstruction of prosecution per W. Va. Code § 55-2-17."  (Pl.'s Resp. at 5).  Neither the Authority nor any other defendant has replied.

II.

A.   Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

B.   Analysis


        In Casto v. Dupuy, 204 W. Va. 619, 515 S.E.2d 364, 368

(1999), the Supreme Court of Appeals of West Virginia observed

as follows concerning the continuing tort theory:

> Under the continuing tort theory, when a tort involves
> a continuing or repeated injury, the cause of action
> accrues at the date of the last injury. This Court
> observed in Ricottilli v. Summersville Memorial
> Hospital, 188 W.Va. 674, 677, 425 S.E.2d 629, 632
> (1992), that "the concept of a continuing tort
> requires a showing of repetitious, wrongful conduct."
> Moreover, we said in Ricottilli that "a wrongful act
> with consequential continuing damages is not a
> continuing tort." Id. (citing Spahr v. Preston County
> Bd. of Educ., 182 W.Va. 726, 729, 391 S.E.2d 739, 742
> (1990)). In the instant proceeding, the continuing
> tort theory must fail.  The single act of the alleged
> negligent hiring by M.A. & W. or the alleged negligent
> inspection by Mr. Dupuy clearly present purported
> consequential continuing damages. In this case there
> is no showing of repetitious wrongful conduct.

Id. at 623, 515 S.E.2d at 368.


        Later in Roberts v. West Virginia American Water Co.,

221 W. Va. 373, 655 S.E.2d 119 (2007), the supreme court of

appeals elaborated further:

> To be clear, the distinguishing aspect of a continuing
> tort with respect to negligence actions is continuing
> tortious conduct, that is, a continuing violation of a
> duty owed the person alleging injury, rather than
> continuing damages emanating from a discrete tortious
> act. It is the continuing misconduct which serves to
> toll the statute of limitations under the continuing
> tort doctrine.

Id. at 378, 655 S.E.2d at 124 (emphasis added).

5

The circumstances in this case are distinct from those in the mine run of cases.  Those cases routinely involve either (1) a clear case of merely continuing damages or, (2) an obvious continuing tort, such as an uninterrupted physical trespass by placement of an object on another's land.  In view of the difficulty of the issue presented, and without reaching the additional tolling doctrines raised by Ms. Moore, the better course is to await development of the entire evidentiary record.

The court, accordingly, ORDERS that the motion to dismiss be, and hereby is, denied.  The limitations challenge may be raised anew at the dispositive motions stage of the case.

The Clerk is directed to forward copies of this order to all counsel of record and any unrepresented parties.

DATED: April 7, 2014

John T. Copenhaver, Jr.
United States District Judge

6