```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

KATRINA MOORE,

        Plaintiff,

v.                                Civil Action No. 2:13-cv-14393

C.O. WILLIAM WILSON, individually and in
his official capacity as a correctional
officer of The West Virginia Regional Jail
and Correctional Facility Authority, and
CHIEF CORRECTIONAL OFFICER LT. LARRY BUNTING,
individually and in his official capacity, and
THE WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY
an agency of the State of West Virginia, and
JOHN DOE, unknown person or persons,

        Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion, filed June 17, 2014, requesting leave to file in camera or under seal her response (and the exhibits attached to that response) to the West Virginia Regional Jail and Correctional Facility Authority's (the "Authority's") motion for summary judgment ("motion to seal").  In support, the plaintiff only states that

"[t]his motion is grounded in the public policy of maintaining the confidentiality of the personal and private information contained in the exhibits and the Protective Order."

The court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).

The Court of Appeals for the Fourth Circuit has observed that exhibits to summary judgment motions deserve special consideration for public access:

> [I]n Rushford[ v. New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988),] we considered the propriety of a district court's order sealing documents that were

> attached to a successful summary judgment motion. Although the documents had been the subject of a pretrial discovery protective order, we observed that once the documents were made part of a dispositive motion, they lost their status as being "raw fruits of discovery," and that discovery, "which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." After noting that summary judgment "serves as a substitute for a trial" and that we had held in a prior case that the First Amendment standard should apply to documents filed in connection with plea and sentencing hearings in criminal cases, we held that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."
>
> Although we recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion," we stated that the district court must make that determination "at the time it grants a summary judgment motion and not merely allow continued effect to a pretrial discovery protective order." We noted that "[t]he reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents," and we remanded the case to the district court in order for it to determine under the appropriate substantive and procedural standards whether the documents should remain sealed.

Id. at 576-77 (citations omitted).

The plaintiff has not made the showing necessary to obtain a sealing order as to her response to the Authority's motion for summary judgment. In the interests of justice, however, the court will provide the plaintiff a further

3

opportunity to make the required showing no later than June 25, 2014.  The best practice in a situation such as this is twofold.  First, the plaintiff should submit to the court, in detail, her best justifications for a sealing order.  Second, rather than seeking a sealing order as to all the materials in their entirety, the plaintiff must present with her justification for sealing a set of redacted briefing and/or exhibits that would, in the parties' estimation, be suitable for viewing on the public docket.  This approach recognizes the need for confidentiality as to some material while at the same time assuring that the narrow exception for secrecy extends no further than absolutely necessary in a given case.  The right of public access is paramount.

The court notes that the plaintiff has already filed as sealed both her response to the Authority's motion for summary judgment and the exhibits attached to that response, presumably because the response was due on the same day the motion to seal was filed.

Accordingly, the court ORDERS as follows:
1. That the motion to seal be, and it hereby is, denied without prejudice;
2. That the plaintiff be, and she hereby is, directed to

submit a revised sealing request, taking into consideration the alternatives to sealing (such as redaction) for those portions of the documents for which confidentiality is unnecessary, and bearing in mind that sealing is the infrequent exception and not the rule; and

3. That the aforementioned sealing request be, and it hereby is, directed to be submitted by June 25, 2014.

4. The plaintiff's response to the Authority's motion for summary judgment shall remain provisionally sealed, pending the plaintiff's response to this order.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: June 18, 2014

John T. Copenhaver, Jr.
United States District Judge

5